UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CARLOS PACILEO,

        Defendant.

Case No.  5:15-cr-00013-EJD

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION**

Presently before the court is Defendant Carlos Pacileo's ("Defendant") motion for early termination of probation pursuant to 18 U.S.C. § 3564(c).  For the reasons stated below, the court DENIES Defendant's motion.

## I.    BACKGROUND

In January 2015, the grand jury returned an indictment against Defendant and four other individuals, charging them with (1) seven counts of accessing a protected computer and obtaining information and aiding and abetting in violation of 18 U.S.C. §§ 1030(a)(2)(C), 1030(c)(2)(B)(i) and 2; (2) one count of conspiracy to violate 18 U.S.C. § 1030(a); and (3) two counts of interception of electronic communications and aiding and abetting in violation of 18 U.S.C. §§ 2511(1)(a), 4(a) and 2.  Dkt. No. 1.  In July 2015, Defendant pled guilty pursuant to a written plea agreement to the conspiracy count and one count of violating §§ 1030(a)(2)(C), 1030(c)(2)(B)(i) and 2.  Dkt. Nos. 40, 41.

On November 13, 2015, the court heard from all parties concerning sentencing, and sentenced Defendant to three years of probation with a condition that he complete 400 hours of community service.  The court did not impose a fine and declined to order restitution based on a finding that the loss to the victim company had been satisfied by a civil judgment.  Dkt. No. 77.  Judgment was entered accordingly on November 19, 2015.  Dkt. No. 79.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Defendant is scheduled to be released from probation on November 13, 2018.  He filed this

2  motion on November 28, 2016, after having served twelve months and thirteen days of the ordered

3  term.  The Government filed a response objecting to early termination.  In addition, the probation

4  officer supervising Defendant opposes his request.

5  ## II.   LEGAL STANDARD

6  A court may terminate probation before the expiration of a fully-imposed term "if it is

7  satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

8  18 U.S.C. § 3564(c).  When determining whether early termination is appropriate, the court must

9  consider the "factors set forth in section 3553(a) to the extent that they are applicable." Id.

10  Generally, the relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

17  United States v. Khan, No. 4:03-cr-40210 WDB-2 (KAW), 2012 U.S. Dist. LEXIS 97776, at *5,

18  2012 WL 2906590 (N.D. Cal. July 13, 2012); United States v. Arnaiz, No. 13-cr-00617-MEJ-1,

19  2016 U.S. Dist. LEXIS 147870, at *4 (N.D. Cal. Oct. 25, 2016).

20  "The defendant bears the burden of showing that he is entitled to early termination."

21  United States v. Robins, 2014 U.S. Dist. LEXIS 83117, at *7, 2014 WL 11790802 (C.D. Cal. May

22  27, 2014) (citing United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

23  ## III.   DISCUSSION

24  Examining the relevant § 3553(a) factors, some weigh in favor of Defendant's request.

25  Indeed, the nature and circumstances of Defendant's offenses do not give rise to a significant

26  obstacle to early termination.  Nor does anything in the record suggest Defendant would reoffend

27

28  Case No.: 5:15-cr-00013-EJD
ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF
PROBATION

2

1    or pose a danger to the public if left without supervision.

2         Defendant's history and personal characteristics are also positive overall.  They do not,

3    however, significantly advance his request under § 3564(c).  Defendant argues that early

4    termination of probation is appropriate because he has accepted responsibility for his conduct, has

5    complied with his sentence, and has positively reunified with his family.  He also points out that

6    he completed the community service requirement within one month of the sentencing hearing by

7    working full-time, and sometimes more than full-time, at the chosen site in an effort to return to

8    his family who was living abroad.  But while these are accurate observations, they do not

9    demonstrate, as Defendant puts it, that he has "gone above and beyond what was required of him

10   to satisfy his conditions of probation."  Acceptance of responsibility, particularly in connection

11   with a guilty plea, is not an exceptional development.  And though his effort to expeditiously

12   satisfy the community service component of his sentence is commendable, it is not as

13   extraordinary as Defendant describes it when his rather unique circumstances are considered.

14   Defendant was able to satisfy his 400-hour community service requirement in a remarkably short

15   period of time because he was not concurrently employed in California; he was financially

16   supported by his wife during that time, who was working and living with their children in Japan.

17        Defendant's service in the Middle East is a similarly laudable, yet insubstantial,

18   characteristic when considered in this context.  As was revealed at the sentencing hearing,

19   Defendant did not serve in the United States military but was employed by a private contractor

20   assigned to the area.  As opposed to a member of the armed forces, Defendant was well-

21   compensated for his work in Iraq and Afghanistan, receiving in excess of $800,000 from his

22   employer.

23        Furthermore, Defendant has not demonstrated that his behavior while on probation justifies

24   early termination.  Although § 3553(a) does not list a defendant's good behavior as a relevant

25   factor, "courts in this district have sometimes weighed this consideration on a motion for early

26   termination of probation by looking to the standard for early termination of supervised release

27

28   Case No.: 5:15-cr-00013-EJD
     ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF
     PROBATION

United States District Court
Northern District of California

3

1    under 18 U.S.C. § 3583(e)."   Arnaiz, 2016 U.S. Dist. LEXIS 147870, at *6 (citing United States

2    v. Hilton, No. CR 13-172 PJH, 2014 U.S. Dist. LEXIS 103122, at *7-8, 2014 WL 3728176 (N.D.

3    Cal. July 28, 2014)).  Under that section, which notably "parallels 18 U.S.C. § 3564(c) in its

4    consideration of the § 3553(a)" (Id.), certain "changed circumstances - for instance, *exceptionally*

5    good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or

6    restitution imposed as conditions of release - will render a previously imposed term or condition of

7    release either too harsh or inappropriately tailored to serve the general punishment goals of section

8    3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (emphasis added); accord

9    United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000).  This provides a mechanism for the

10   court "to respond to changes in the defendant's circumstances that may render a previously

11   imposed condition of release" no longer justified.  United States v. Gross, 307 F.3d 1043, 1044

12   (9th Cir. 2002).

13        Conditions of probation are not rendered unjustified, however, because of a defendant's

14   compliance with the terms of a sentence.  See, e.g., Lussier, 104 F.3d at 36; Folks v. United States,

15   733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance

16   with the terms of supervised release is what is expected of a person under the magnifying glass of

17   supervised release and does not warrant early termination.'"); United States v. McKay, 352 F.

18   Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration

19   life," including the restoration of family participation, "are expected of a person on supervised

20   release and do not constitute the 'exceptional behavior'" contemplated by § 3583(e)); United

21   States v. Grossi, No. 04-40127 DLJ, 2011 U.S. Dist. LEXIS 22831, at *5-6, 2011 WL 704364

22   (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is

23   expected, and without more, is insufficient to justify early termination."); Robins, 2014 U.S. Dist.

24   LEXIS 83117, at *3 (C.D. Cal. May 27, 2014) (stating that early termination should only occur

25   when "something exceptional or extraordinary warrants it. . . . [S]omething more than compliance

26   with the terms of probation is required to justify early termination[, like] changed circumstances,

27

28   Case No.: 5:15-cr-00013-EJD
     ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF
     PROBATION

4

1   such as exceptionally good behavior. . . . [O]therwise, every defendant who avoided revocation

2   would be eligible for early termination" (citations omitted; some brackets in original)).

3        Here, Defendant has not done anything while on probation that was not expected of him.

4   He has observed the requisite conditions, completed the community service hours, and has not

5   committed additional violations of the law.  Again, while his behavior is commendable, it is

6   nonetheless the sort of behavior expected by a defendant when the court places trust in an

7   individual by granting probation.  In sum, there are no unusual, changed or exceptional

8   circumstances presented which warrant the early termination of probation.

9        It is also worth noting the other factors weighing against termination.  The need for

10   deterrence and the fact that Defendant received a non-custodial sentence favor him serving the

11   entire length of the term.  Defendant has cited no vocational barriers to remaining on probation,

12   and in any event his probation terms can be modified further to allow him to travel for work.  Nor

13   is Defendant under any obligation to pay restitution.

14        In the end, granting Defendant's request would do little to promote respect for the law.

15   Greater respect is instead achieved when a defendant successfully completes the full term of

16   probation, thereby creating a teaching moment not only for himself, but for his children and the

17   public.  When one errs, a second chance is often forthcoming, and one should embrace that

18   opportunity with humility and gratitude.

## IV.   ORDER

20        Defendant's motion for early termination of probation is DENIED.

**IT IS SO ORDERED.**

Dated:  March 2, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00013-EJD
ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF
PROBATION

United States District Court
Northern District of California